IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,493-02






EX PARTE JUAN GUEVARA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29,592-B IN THE 23RD DISTRICT COURT


FROM BRAZORIA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ninety-nine (99) years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Guevara v.
State, No. 14-97-00555-CR (Tex. App. - Houston [14th], September 9, 1999, pet. ref'd).

 Applicant contends, inter alia, that the prosecutor withheld favorable evidence and trial counsel
rendered ineffective assistance. First, Applicant asserts that the prosecutor withheld the records of an
investigation by the Texas Department of Criminal Justice Internal Affairs, including the statement of
Anthony Panza, a key State's witness, during counsel's pre-trial investigation, which prevented counsel
from investigating and preparing an effective defense. Applicant alleges that Panza's statement during the
internal investigation was inconsistent with Panza's trial testimony and so counsel could have impeached
Panza with that statement if she had had an opportunity to make effective use of it. He also alleges that the
withheld records would have disclosed the names of three witnesses, Armando Arce, Oscar Garey, and
Officer Martinez, whose full names were not disclosed to counsel before trial, and so counsel was unable
to investigate these witnesses before trial and call them to testify. Alternatively, Applicant asserts that
counsel rendered ineffective assistance when she failed to discover the full names of these witnesses,
investigate them before trial, and call them to testify, when their testimony would have been inconsistent with
Panza's testimony.

 Second, Applicant asserts that the prosecutor's belated notice to counsel that Panza would testify,
after counsel had attempted to investigate and interview Panza but had been discouraged from doing so
by the prosecutor's representations that Panza would not be called to testify, impeded counsel's ability to
investigate the case and prepare a defense. Alternatively, Applicant asserts that counsel rendered
ineffective assistance because she should have investigated and interviewed Panza as soon as she learned
that he would testify. 

 Third, Applicant asserts that the prosecutor failed to disclose evidence that Panza was favorably
treated as a result of his cooperation in this case, which was evidence that tended to show that Panza had
a bias or motive to testify favorably for the State. Specifically, Applicant asserts that around the time of
Panza's interview with Internal Affairs, Panza submitted a request to the Classification Division for S4 line
classification, trusty status, and a move to the general population of a "trusty farm." Panza reminded TDCJ
Classification officials that he was cooperating in the investigation of this case, and his request was granted.

 Fourth, Applicant asserts that counsel rendered ineffective assistance when she failed to move for
a postponement or continuance during trial after Panza testified and the prosecutor disclosed Panza's prior
statement. Applicant alleges that as a result counsel was unable to make effective use of the prior statement
to investigate and impeach Panza's testimony.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Kimes, 872 S.W.2d 700 (Tex. Crim. App. 1993). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with an opportunity to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the prosecutor failed to disclose favorable
material evidence and, if the prosecutor delayed disclosure, whether the delay prejudiced the defense. The
trial court shall also make findings as to whether the performance of Applicant's trial attorney was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing: (1) all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition; (2) the
reporter's record of the pre-trial hearing on counsel's motion for continuance; (3) relevant portions of the
trial record; and (4) the trial court's supplemental findings of fact and conclusions of law, shall be returned
to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 




Filed: October 3, 2007

Do not publish